# Exhibit A

# ✳ SALEM COMMUNITY LAW OFFICE

Jonathan R. Miller, Attorney (Admitted in NC, NY & MO)
301 N. Main St., Ste. 2415, Winston-Salem, NC 27101
Tel: (336) 837-4437   Fax: (336) 837-4436

October 30, 2017

<u>Via UPS Next Day Air</u>
Carl M. Adelman
Adelman Truck Parts Corp.
2000 Waynesburg Dr., S.E.
Canton, OH 44707

RE:   Your sale to Jones Transport, Thomasville, NC, Invoice #36793

Dear Mr. Adelman:

I am writing this letter on behalf of Jones Transport and Mr. Don Jones of
Thomasville, N.C., who purchased a used Caterpillar C-7 Motor from your company
on October 11, 2017. In the future, please direct all communications concerning the
sale of the Motor to this office.

The Motor you delivered to Mr. Jones was deficient in two ways. First, you delivered
a KAL model even though you contracted to sell him a WAX model. Second, after a
mechanic had performed a significant amount of work to install the Motor, a piece
of the bottom of the No. 4 piston fell out of the bottom of the engine.

I am already aware of your position regarding Mr. Jones's complaints. Please
understand that this letter is *not* an invitation to further debate the merits of those
complaints. Mr. Jones simply does not have time for further debate. Mr. Jones is a
small-business owner whose livelihood depends upon having a functioning vehicle.
The fact that your company delivered an unsatisfactory engine has already
seriously injured Mr. Jones, and with every passing day that injury gets worse.
Thus, I am writing this letter to resolve this situation, in a way that will enable Mr.
Jones to resume his business activities and that will have no long-term
consequences for him, as soon as possible.

**To that end, I am demanding that you remit $16,657 to Mr. Jones's account via wire
transfer no later than Tuesday, November 7, 2017.** In addition, if you wish for the
Motor to be returned, then you must arrange to ship the Motor from North Carolina
to Ohio and pay all the associated shipping charges.

The $16,657 figure can be broken down as follows:

| | |
|---|---|
| $5,000 | Refund of Motor purchase price |
| 304 | Refund of shipping charges |
| 30 | Reimbursement of wire transfer fee |
| 2,658 | Reimbursement of money already incurred to mechanic to attempt to install Motor |
| 265 | Reimbursement for purchases of gaskets and other componentry during attempt to install Motor |
| 8,400 | Lost profit due to delay in obtaining functioning motor |
| $16,657 | Total |

The lost profits referenced above are based on Mr. Jones's average profit of $4,200 per week, which was easy to determine using his past business records. Thus, Mr. Jones is demanding two weeks' worth of lost profit. In fact, as of the date of this letter, Mr. Jones has already lost *three* weeks' worth of profits, and by November 7 he will have lost *four* weeks' worth of profits. Factoring in four weeks' worth of profits – the amount necessary to make Mr. Jones truly whole –would have resulted in a grand total of $25,057. In an effort to avoid a prolonged dispute, however, Mr. Jones has decided to demand only $16,657.

I note that under North Carolina's Unfair Business Practice law, N.C. Gen. Stat. § 75-1.1 *et seq.*, Mr. Jones is also entitled to treble damages as well as a reasonable attorney fee. Mr. Jones is willing to forego both, on the condition that he receives the $16,657 by the end of business on November 7.

Finally, I would like to address the Sales Agreement that you faxed to Mr. Jones on October 11, 2017, which, presumably, you believe insulates you from all liability. While I do not know whether your Sales Agreement has proven successful in other states, I seriously doubt that a North Carolina judge would enforce its terms here. For one thing, you fraudulently induced Mr. Jones to sign the "Sales Agreement" by agreeing to sell him a WAX model engine when you knew you intended to ship him a KAL model engine; as such, Mr. Jones probably has the right to void the contract.

Moreover, forum selection clauses like the one you included in your Sales Agreement are not automatically enforceable in North Carolina. *See* N.C. Gen. Stat. § 22B-3 ("[A]ny provision in a contract entered into in North Carolina that requires

2

the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable.") The fact that the contract was induced by fraud would weigh heavily against enforcing the forum selection clause. *See SED Holding, LLC v. 3 Star Props., LLC*, ___ N.C. App. ___, 784 S.E.2d 627 (2016).

Finally, North Carolina courts routinely hold that choice-of-law clauses such as the one in your Sales Agreement do *not* preclude a claim under North Carolina's Unfair Business Practice law. *See, e.g., ITCO Corp. v. Michelin Tire Corp., Comm. Div.*, 722 F.2d 42 (4th Cir. 1983); *United Va. Bank v. Air-Lift Assocs.*, 79 N.C. App. 315, 339 S.E.2d 90 (1986); *United Dominion Indus. V. Overhead Door Corp.*, 762 F. Supp. 126 (W.D.N.C. 1991); *Organon Teknika Corp. v. AVL Scientific Corp.*, No. 1:91-cv-315 (M.D.N.C. Dec. 27, 1991); *A. Jorrdan Med., Inc. v. Meditronic, Inc.*, 1994 U.S. Dist. LEXIS 19792 (M.D.N.C. Dec. 6, 1994); *Edmondson v. American Motorcycle Association, Inc.*, 54 F. Supp. 2d 544 (W.D.N.C. 1999); *McElmurry v. Alex Fergusson, Inc.*, 2006 U.S. Dist. LEXIS 10760 (M.D.N.C. Mar. 8, 2006).

In conclusion, if Mr. Jones receives a wire transfer in the amount of $16,657 by the end of business on Tuesday, November 7, 2017, he will consider the entire matter resolved. Please feel free to contact me at jmiller@salemcommunitylaw.com or at the phone number above if you have any questions.

Very truly yours,

Jonathan R. Miller