# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Adelman's Truck Parts Corp., | ) | CASE NO.: 5:17CV2598 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| v. | ) | **ORDER AND DECISION** |
| Jones Transport, et al., | ) | |
| Defendants. | ) | |

This matter comes before the Court on Motion by Defendants Jones Transport and Don Jones (collectively "Jones") to dismiss this matter for lack of jurisdiction. In addition, Plaintiff Adelman's Truck Parts Corp. ("Adelman's) has moved to remand this matter to the Stark County Court of Common Pleas. The Court has been advised, having reviewed the motions, responses, replies, pleadings, exhibits, and applicable law. For the reasons stated below, Jones' motion is DENIED. Adelman's motion is also DENIED.

This matter arises out of Jones' October 11, 2017 purchase of a used diesel engine from Adelman's. The parties present substantially different views on the facts surrounding the purchase. However, there is no dispute that the parties' contract contains the following provision:

> GOVERNING LAW: This Purchase Order shall be governed by and construed in accordance with the laws of the State of Ohio. Seller and/or Buyer shall bring and/or initiate any claims, disputes and/or other legal proceedings respecting this Purchase Order and/or Goods in the Stark County, Ohio Common Pleas Court, which court shall have sole and exclusive venue and jurisdiction over any such claims, disputes and/or other legal proceedings.

Doc. 1-1 at 10. A review of the above provision resolves Jones' motion to dismiss.

"Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). "[T]here are a variety of legal arrangements whereby litigants may consent to the personal jurisdiction of a particular court system. The use of a forum selection clause is one way in which contracting parties may agree in advance to submit to the jurisdiction of a particular court." *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006) (quotation marks and citations omitted); *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n. 14 (1985) (personal jurisdiction requirement may be waived through forum selection clause in contract); *Kennecorp Mortg. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.*, 66 Ohio St.3d 173 (1993).

"Federal courts hold that forum selection clauses that have been freely bargained for are *prima facie* valid and enforceable." *Diebold, Inc. v. Firstcard Fin. Servs., Inc.*, 104 F.Supp.2d 758, 763 (N.D.Ohio 2000) (citation omitted). As such, "[a] forum selection clause should be upheld absent a strong showing that it should be set aside." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citation omitted). In *Wong*, the Sixth Circuit identified the following factors to be considered in evaluating the enforceability of a forum selection clause:

> whether the clause was obtained by fraud, duress, or other unconscionable means; whether the designated forum would ineffectively or unfairly handle the suit; and whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust.

*Id*. (numerals and citations omitted).

Herein, there are no allegations nor any suggestion that the forum selection clause was obtained by fraud or duress. Second, there is nothing in the record to suggest that the Stark County Court of Common Pleas could not handle the matter in a fair and effective manner. With respect to the final factor, Jones appears to contend that his poor financial situation makes it seriously inconvenient for him to litigate in Ohio. However, "[m]ere distance, mere expense, or mere hardship to an individual litigant is insufficient to invalidate a forum selection clause." *Veteran Payment Sys., LLC v. Gossage*, No. 5:14CV981, 2015 WL 545764, at *6 (N.D. Ohio Feb. 10, 2015) (citations and quotation omitted). As such, the Court finds no basis to decline to enforce the forum selection clause.

Jones, however, contends that "the boilerplate terms-and-conditions signed by Mr. Jones do not include a promise to submit to the jurisdiction of Ohio courts." Doc. 4-1 at 8. Contrary to that position, Jones agreed that both venue and jurisdiction were appropriate in Ohio over any claim he made and over any claim made by the seller, Adelman's. As such, he cannot contend that he did not assent to jurisdiction in Ohio. Therefore, Jones' motion to dismiss for lack of jurisdiction is DENIED.

Adelman's motion to remand is also DENIED. In its motion, Adelman's contends that the complaint does not satisfy the amount in controversy. To reach that conclusion, Adelman's contends that the contract was for a used engine that was priced at $5,304. Based upon that fact, Adelman's contends that the amount in controversy cannot approach the number necessary for federal jurisdiction.

When a plaintiff seeks equitable or declaratory relief, "we measure the amount in controversy by 'the value of the object of the litigation.'" *Northup Props., Inc. v.*

*Chesapeake Appalachia, LLC*, 567 F.3d 767, 770 (6th Cir. 2009) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). "Applying this principle, [the Sixth Circuit] has said that, '[w]here a party seeks a declaratory judgment, "the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation."' *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir.2011) (citations omitted) (holding that where the matter in controversy fails to exceed $75,000—even by a penny—the case must be remanded for want of subject matter jurisdiction). The burden is on the removing party "to show by a preponderance of the evidence that the allegations in the complaint at the time of removal satisfy the amount-in-controversy requirement." *Northup Props.*, 567 F.3d at 769–70 (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). The amount in controversy should be considered "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007).

Herein, it cannot be disputed that there is a value in the declaratory judgment sought by Adelman's. Within the complaint, Adelman's seeks a judgment that the terms of the complaint are enforceable as written. In so doing, Adelman's seeks to limit the categories of damages and claims available to Jones. As such, the proper measure of the value of the declaratory judgment is the value of the rights that Adelman's seek to protect. Given Jones' pre-suit demand and detailed explanation of his alleged damages, it is clear in this record that the value to Adelman's in enforcing the provisions of the contract is well in excess of $100,000. Accordingly, the matter was properly removed to this Court. The motion to remand is DENIED.

The motion to dismiss is DENIED.  The motion to remand is DENIED.  The additional two motions seeking discovery on the issue of jurisdiction and to file a sur-reply on the same issue are DENIED AS MOOT.

So ordered.

Dated: March 13, 2018                               /s/ John R. Adams
                                                                                        JUDGE JOHN R. ADAMS
                                                                                        UNITED STATES DISTRICT COURT