# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| ADELMAN'S TRUCK PARTS CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JONES TRANSPORT and DON JONES, | ) ) |
| Defendants. | ) ) |

**Case No.** 5:17-cv-2598(JRA)

## Plaintiff's First Set of Written Discovery Demands

Under Federal Rule of Civil Procedure 33 and 34, Defendant Don Jones hereby serves his First Set of Written Discovery Demands on Defendant Adelman's Truck Parts Corporation ("Adelman's"). All documents are to be produced at the Law Office of Jonathan R. Miller, PLLC, d/b/a Salem Community Law Office, 301 N. Main Street, Suite 2412, Winston-Salem, NC 27101, within 33 days of the date of service.

## Instructions and Definitions

A.      As used herein, the terms "you" or "your" mean and refer to Adelman's and, where applicable, their officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

B.      "Adelman's Truck Parts Corporation" ("Adelman's") means and refers

1

to Adelman's and its officers, directors, employees, agents, partners, corporate

parent, subsidiaries or affiliates.

     C.     The terms "officers", "directors", "agents", or "employees" shall mean

any person serving at a relevant time in any such capacity even though no longer

serving in such capacity.

     D.     "Plaintiff" means Adelman's

     E.     "Defendant" means Defendant Don Jones.

     F.     If any information or documents are withheld under a claim of

privilege, please follow the procedures set forth in Local Civil Rule 26(e) for

asserting a claim of privilege.

     G.     In accordance with the provisions of Rule 34(b), the defendants are to

organize and label documents, records and data to correspond with the numbered

paragraphs, subparagraphs, and categories in this request.

     H.     If a document could be produced with respect to a narrow request or a

more general request, it shall be organized and submitted with respect to the

narrower request.

     I.     Plaintiff requests a written response to the requests for production

setting forth with respect to each request whether such documents exist, whether

inspection will be permitted as requested, and if not, stating specifically defendants'

objections to inspection.

     J.     You are under a duty to produce any documents in your possession,

custody or control, or in the possession, custody or control of any agent, attorney,

accountant, partner, officer or employee of defendants and all others from whom you may freely secure these documents and things.

K.     All documents produced shall be Bates-stamped.

L.     If you object to part of any request and refuse to answer that part, state your objection, identify the part to which you are objecting, and answer the remaining portion of the interrogatory. If you object to the scope or time period of any request, state your objection, identify the scope or time period to which you are objecting, and respond to the request for the scope or time period you believe is appropriate. If you make an objection and provide an answer or response, the answer or response will be understood to waive the objection and it will be understood to be a full response with no withholding based on the objection (unless the scope of withholding is fully specified).

M.     If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and respond to the extent possible, specifying your inability to respond to the remainder, and state whatever information you have concerning the unanswered portions.  If your response is qualified in any particular manner, please set forth the details of such qualifications.

N.     In all instances the terms of these requests are to be interpreted broadly and expansively. These requests are to be read to apply to the broadest quantity of materials to which they could pertain.

O.     When responsive documents pertain to different individuals, the

3

response shall segregate such documents by the individuals to which they pertain.

P.  Supplementation: These requests shall be deemed continuing in nature so as to require supplementary responses between the time the initial responses are served and the time of trial, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Such supplementary responses are to be served upon Plaintiff within thirty (30) days after receipt of such information and in no case later than fourteen (14) days before trial.

## Time Frame

All requests for documents and interrogatories cover the period from October 1, 2017 to the present, unless otherwise specified.

## I. Requests for Production of Documents

Defendant requests that Plaintiff Adelman's Truck Parts Corporation produce the following documents at the Law Office of Jonathan R. Miller, PLLC, d/b/a Salem Community Law Office, 301 N. Main Street, Suite 2412, Winston-Salem, NC 27101. All documents must be Bates-stamped.

These discovery demands are continuing so as to require supplementary answers if you obtain further information between the time answers are served and the time of trial.

Copies will be made and the originals returned unless other arrangements are made. Please see above for instructions and definitions. If no such documents

4

exist, please so state. If there are such documents, please list appended documents responsive to each request.

1.      All documents, information, records, statements, and communications pertaining to the Caterpillar C-7 Motor bearing serial number KAL61215.

2.      All documents, information, records, statements, and communications pertaining to Defendant Don Jones.

3.      All documents, information, records, statements, manuals, employee handbooks, or internal memoranda pertaining to your policies and standards concerning obtaining used diesel motors.

4.      All documents, information, records, statements, manuals, employee handbooks, or internal memoranda pertaining to your policies and standards concerning testing used diesel motors that you obtain.

5.      All documents, information, records, statements, manuals, employee handbooks, or internal memoranda pertaining to your policies and standards concerning customer returns, refunds, and replacements.

6.      All documents, information, records, statements, manuals, employee handbooks, or internal memoranda pertaining to the "Adelman's Truck Parts Sales Agreement" form, an example of which is attached to these demands as **Exhibit A**.

7.      All previous and/or subsequent versions of the "Adelman's Truck Parts Sales Agreement" form, or of any other standard form terms-and-conditions that you have ever required a customer to sign, dating back to September 29, 1986.

8.      All documents, information, records, statements, and communications

pertaining to any investigations of Adelman's by any law enforcement or government agency that involved any allegations of fraudulent activity, dating back to September 29, 1986.

9.      All documents, information, records, statements, and communications pertaining to any investigations of Adelman's by any law enforcement or government agency that involved any allegations that Adelman's refused to refund or replace a purchase, dating back to September 29, 1986.

10.     All documents, information, records, statements, and communications pertaining to any customer complaint involving any allegations that Adelman's refused to refund or replace a purchase, dating back to October 11, 2014.

11.     All documents, information, records, statements, and communications pertaining to any customer complaint involving any allegations of fraudulent activity, dating back to October 11, 2014.

## II. Interrogatories

1.      Identify the person or company from whom you purchased the Caterpillar C-7 Motor bearing serial number KAL61215.

**RESPONSE:**

2.      State the VIN number of the vehicle from which you took the

Caterpillar C-7 Motor bearing serial number KAL61215.

**RESPONSE:**

3.      Explain how the Caterpillar C-7 Motor bearing serial number KAL61215 was transported to your location in Canton, Ohio, including the identity of any person who drove the vehicle containing the aforementioned Motor to your location in Canton, Ohio.

**RESPONSE:**

4.      Explain how you tested the Caterpillar C-7 Motor bearing serial number KAL61215, including the identity of any person present when you tested the aforementioned Motor.

**RESPONSE:**

5.      Identify each person who came into contact with the Caterpillar C-7 Motor bearing serial number KAL61215 beginning with the time that you took possession of the aforementioned Motor and ending with the time that you deposited the Motor into the care of Ward Transport & Logistics Corp.

**<u>RESPONSE:</u>**

6.    List each and every Caterpillar C- & Motor bearing a serial number beginning with "WAX" that has been part of your inventory during the period beginning October 1, 2017 and ending with the date of these Interrogatories.

**RESPONSE:**

Dated:  June 7, 2018
        Winston-Salem, N.C.

Respectfully submitted,

Jonathan R. Miller
Defendants' Attorney
Salem Community Law Office
301 N. Main St., 24th Floor
Winston-Salem, NC
Tel: (336) 837-4437
Fax: (336) 837-4436
jmiller@salemcommunitylaw.com

9

## Certificate of Service

I, Jonathan R. Miller, certify that on June 7, 2018, I caused to be served

**Plaintiff's First Set of Written Discovery Demands** by first class mail and email on

the following recipients at the following addresses and emails:

> John J. Rambacher, Esq.
> 825 S. Main St.
> North Canton, OH 44720
>
> Email:  jrambacher@wr-law.com
>         mike@kahlenberglaw.com

Dated:  June 7, 2018
        Winston-Salem, NC

_____
                Jonathan R. Miller