# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ADELMAN'S TRUCK PARTS CORPORATION, | **CASE NO. 5:17-CV-2598** |
| Plaintiff, | |
| v. | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| JONES TRANSPORT, ET AL. | |
| Defendants. | |

Jones' opposition to Adelman's summary judgment motion is an unabashed attempt to conjure an issue of fact to avoid summary judgment where no real issues exist. But by going to great lengths to establish what Jones allegedly "knows" about commercial engines, all Jones has done is further cement the truth that Jones accepted delivery of the Motor in conformity with ordinary conventions under the UCC and the governing Agreement. Given Jones' professed extensive and personal knowledge about the Motor, the fact that he instructed his mechanic to install it in his vehicle after acceptance and with knowledge of an alleged non-conformity (KAL- versus WAX-series) only confirms that there are no issues of material fact in dispute.

And while Jones contends that the Agreement is governed "by North Carolina's Unfair and Deceptive Trade Practices Act," the position belies the express and conspicuous limitations of remedies provision of the Agreement. Jones' remedy, if any, is only under the terms of the Agreement, and all claims, be they based on contract,

common law tort, or statutory schemes are conspicuously disclaimed as a condition of entering into the Agreement. This has nothing to do with the choice-of-law provision of the Agreement, although Jones attributes significant resources in his Brief in making that red-herring argument.

If Jones, as a commercial entity, wanted the benefit of various state law statutes, it was incumbent upon him to find a seller of goods willing to take on that additional liability. Adelman's would not have agreed to such a provision, and if it were demanded, it simply would not have sold Jones the Motor. (See, Doc #30-1, ¶9). This is precisely why a purchaser seeking materials from Adelman's either signs the Agreement, or it does not get the benefit of purchasing the goods. That is not adhesion, it is how commerce works.

Jones claims Adelman's "mispresent[ed] Mr. Jones' rights and Adelman's duties under the Sales Order." Assuming, *arguendo*, that this were true, Jones was not privileged to rely on the alleged "misrepresentation." Adelman's did not preclude Jones from seeking the assistance of legal counsel to tell him what the governing Agreement meant if he did not understand it. Furthermore, Adelman's (as does Jones) also encourages the Court to listen to the surreptitious recordings made by Jones when he complained about the fact that he received a WAX-series motor instead of the KAL-series, *before Jones attempted to install the Motor*.

The take-away from that call is that Jones was going to talk to his mechanic and call Caterpillar and figure out what he wanted to do with the Motor that *Jones thought* was non-conforming under the Agreement. Adelman's made no assurances to him that would purportedly induce him to waive the ability to attempt to revoke acceptance of the Motor. Jones clearly made a decision on his own. It is unreasonable for him to now posture that

2

Adelman's coerced him not to revoke acceptance despite his own professed superior knowledge of motors and his actual knowledge that what had been shipped was not what *Jones thought* he had ordered.

Were that not enough, Jones has made up a "fact" in his own mind and contends that the cylinder wall of an engine is actually part of the engine block. Even if Adelman's opposed this absolutely incorrect position with affidavit-quality evidence, Jones would then contend there is an issue of fact permitting the case to proceed. But again, it simply does not matter. Adelman's offered Jones the remedy to send back the Motor for a refund **even though it was not required to do so**. That would be the same remedy Jones would receive if there were a defect in a component – the engine block and crank – actually under warranty.

Finally and notwithstanding Doc. 32-6 filed by Jones, Jones has not actually filed a Motion pursuant to Fed.Civ.R. 56(d). A party properly seeks additional time to complete discovery through the filing of a Motion, not a Declaration of Counsel. In any event, even if counsel's Declaration can be construed as a substitute for a Motion, a party's burden under Rule 56 is threefold:

> In order to obtain relief under Rule 56(d), a plaintiff must [1] specify what discovery is sought, [2] why such discovery has not previously been obtained, and [3] how such discovery would create a factual dispute sufficient to defeat summary judgment.

Chapple v. Wickerink, 2012 WL 4506778, *1 (Sept. 28, 2012), citing Pennsylvania Dep't of Public Welfare v. Sebelius, 674 F.3d 139,157 (3rd Cir.2012); Anthony v. Donahoe, 460 F. App'x 399, 405 (5th Cir.2012); CenTra, Inc. v. Estrin, 538 F.3d 402, 420 (6th Cir.2008). The issues at bar are the Agreement, acceptance of the Motor, and Jones' failure to revoke acceptance even after he knew the Motor he received was not the one he claims

he ordered. Given this, all of the other factual contentions – for instance, the capabilities of the different series of C-7 Motors – do not "create a factual dispute sufficient to defeat summary judgment." Nor does the outstanding written discovery issued to Adelman's move the needle.[1] In any event, if the Court deems the discovery to Adelman's relevant to grant a Rule 56(d) motion, then Adelman's has no objection to Jones receiving a brief continuance to receive the discovery responses and documents from Adelman's, consider them, and supplement his Brief in Opposition to Summary Judgment, if he so desires. Nonetheless, those responses do not change the black-and-white commercial language at issue and the governing law that entitles Adelman's to summary judgment.

                                                              Respectfully Submitted,

*/s/ John J. Rambacher*
John J. Rambacher, Esq. (0036760)
**Winkhart & Rambacher, Inc.**
825 S. Main St.
North Canton, OH
P:    (330) 639-2440
F:    (330) 639-2441
E:    jrambacher@wr-law.com

Michael J. Kahlenberg, Esq. (0082435)
**Kahlenberg Law, LLC**
825 S. Main St.
North Canton, OH
P:    (330) 639-2442
F:    (330) 639-2443
E:    mike@kahlenberglaw.com

*Counsel for Plaintiff*

---

[1] Which is being provided to counsel simultaneously with the filing of this Brief.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 30, 2018, pursuant to Fed. Civ. P. 5(b)(2)(E), I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and notification of such filing was sent by electronic mail as authorized by Fed. Civ. P. 5(b)(3) and L.R. 5.1 to:

      Jonathan R. Miller, Esq.
      Salem Community Law Office
      301 N. Main St., Suite 2415
      Winston-Salem, NC 2710
      jmillier@salemcommunitylaw.com
      *Counsel for Defendants*


                          */s/ John J. Rambacher*
                          *Counsel for Plaintiff*