# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ADELMAN TRUCK PARTS CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JONES TRANSPORT, ET AL.<br><br>　　　　Defendants. | **CASE NO. 5:17-CV-2598**<br><br>**PLAINTIFF'S ANSWERS AND RESPONSES TO DEFENDANT'S FIRST SET OF WRITTEN DISCOVERY DEMANDS** |

**General Objection:**

**Plaintiff object to the Definitions and Instructions set forth in Defendant's First Set of Written Discovery Demands to the extent that they ask for narrative responses more appropriately sought via an interrogatory (and therefore exceed the number of permissible Interrogatories allowed pursuant to Rule 33 of the Federal Rules of Civil Procedure), are vague, confusing, or overly broad as to time and/or scope.**

I.　**Requests for Production.**

1. All documents, information, records, statements, and communications pertaining to the Caterpillar C-7 Motor bearing serial number KAL61215.

    **RESPONSE:**

    See contract documents previously produced. No other documents.

Page **1** of **11**

2. All documents, information, records, statements, and communications pertaining to Don Jones.

   **RESPONSE:**

   See contract documents previously produced. Further, see documents produced by Jones in discovery.

3. All documents, information, records, statements, manuals, employee handbooks, or internal memoranda pertaining to your policies and standards concerning obtaining used diesel motors.

   **RESPONSE:**

   **Objection**. Discovery of the information sought pursuant to this Request is not warranted when balancing the considerations enumerated in Fed. R. Civ. P. 26(b)(1).

   As to the Objection:

   _____
   Michael J. Kahlenberg (0082435)

   Without waiving the Objection, Adelman's does not possess written policies, manuals, handbooks or other documents that are responsive to this request.

4. All documents, information, records, statements, manuals, employee handbooks, or internal memoranda pertaining to your policies and standards concerning testing used diesel motors that you obtain.

   **RESPONSE:**

   **Objection**. Discovery of the information sought pursuant to this Request is not warranted when balancing the considerations enumerated in Fed. R. Civ. P. 26(b)(1).

   As to the Objection:

   _____
   Michael J. Kahlenberg (0082435)

   Without waiving the Objection, Adelman's does not possess written policies, manuals, handbooks or other documents that are responsive to this request.

5. All documents, information, records, statements, manuals, employee handbooks, or internal memoranda pertaining to your policies and standards concerning customer returns, refunds, and replacements.

   **RESPONSE:**

   All policies for returns, refunds, and replacements are covered on Adelman's standard terms and conditions of the previously produced contract documents.

6. All documents, information, records, statements, manuals, employee handbooks, or internal memoranda pertaining to the "Adelman's Truck Parts Sales Agreement" form, an example of which is attached to these demands as **Exhibit A.**

   **RESPONSE:**

   **Objection**. Vague. Overly broad as to scope. Discovery of the information sought pursuant to this Request is not warranted when balancing the considerations enumerated in Fed. R. Civ. P. 26(b)(1).

   As to the Objection:

   _____
   Michael J. Kahlenberg (0082435)

   Without waiving the Objection, Adelman's does not possess any responsive materials.

7. All previous and/or subsequent versions of the "Adelman's Truck Parts Sales Agreement" form, or of any other standard form terms-and-conditions that you have ever required a customer to sign, dating back to September 29, 1986.

   **RESPONSE:**

   **Objection**. Vague. Overly broad as to scope. Discovery of the information sought pursuant to this Request is not warranted when balancing the considerations enumerated in Fed. R. Civ. P. 26(b)(1). Mr. Jones did not sign any other version of the referenced document

As to the Objection:

_____
Michael J. Kahlenberg (0082435)

Without waiving the Objection, Adelman's does not possess any responsive materials.

8. All documents, information, records, statements and communications pertaining to any investigations of Adelman's by any law enforcement or government agency that involved any allegations of fraudulent activity, dating back to September 29, 1986.

**RESPONSE:**

**Objection**. Discovery of the information sought pursuant to this Request is not warranted when balancing the considerations enumerated in Fed. R. Civ. P. 26(b)(1). Jones is better served seeking this discovery from whatever law enforcement or government agency it believes would have ever conducted such investigations.

As to the Objection:

_____
Michael J. Kahlenberg (0082435)

Without waiving the Objection, Adelman's does not possess any responsive materials.

9. All documents, information, records, statements, and communications pertaining to any investigations of Adelman's by any law enforcement or government agency that involved any allegations that Adelman's refused to refund or replace a purchase, dating back to September 29, 1986.

   **RESPONSE:**

   **Objection**. Discovery of the information sought pursuant to this Request is not warranted when balancing the considerations enumerated in Fed. R. Civ. P. 26(b)(1).

   As to the Objection:

   _____
   Michael J. Kahlenberg (0082435)

   Without waiving the Objection, Adelman's does not possess any responsive materials.

10. Any documents, information, records, statements, and communications pertaining to any customer complaint involving any allegations that Adelman's refused to refund or replace a purchase, dating back to October 11, 2014.

    **RESPONSE:**

    **Objection**. Discovery of the information sought pursuant to this Request is not warranted when balancing the considerations enumerated in Fed. R. Civ. P. 26(b)(1).

    As to the Objection:

    _____
    Michael J. Kahlenberg (0082435)

    Without waiving the Objection, Adelman's does not possess any responsive materials.

11. Any documents, information, records, statements, and communications pertaining to any customer complaint involving any allegations of fraudulent activity, dating back to October 11, 2014.

    **RESPONSE:**

    **Objection**. Vague and confusing. Whose "fraudulent activity?" Discovery of the information sought pursuant to this Request is not warranted when balancing the considerations enumerated in Fed. R. Civ. P. 26(b)(1).

    As to the Objection:

    _____
    Michael J. Kahlenberg (0082435)

Without waiving the Objection, Adelman's does not possess any responsive materials.

## II.     Interrogatories.

1. Identify the person or company from whom you purchased the Caterpillar C-7 Motor bearing serial number KAL61215.

   **ANSWER:**

   Adelman's has no record of same.

2. State the VIN number of the vehicle from which you took the Caterpillar C-7 Motor bearing serial number KAL61215.

   **ANSWER:**

   Adelman's has no record of same.

3. Explain how the Caterpillar C-7 Motor bearing serial number KAL61215 was transported to your location in Canton, Ohio, including the identity of any person who drove the vehicle containing the aforementioned Motor to your location in Canton, Ohio.

   **ANSWER:**

   Adelman's has no record of same.

4. Explain how you tested the Caterpillar C-7 Motor bearing serial number KAL61215, including the identity of any person present when you tested the aforementioned Motor.

   **ANSWER:**

   **Objection**. Requires a narrative response. Better addressed at a deposition.

As to the Objection:

*[signature]*

Michael J. Kahlenberg (0082435)

Without waiving the objection, the engine was run tested and a mechanical oil gauge was used to determine the oil pressure. An engine scanner was plugged in to the engine to obtain its current mileage. Adelman's engine specialist, Chris Ives, handled the engine testing. Adelman's engine salesman's Billy Betz would have been present when the ECM was hooked up.

5. Identify each person who came into contact with the Caterpillar C-7 Motor bearing serial number KAL61215 beginning with the time that you took possession of the aforementioned Motor and ending with the time that you deposited the Motor into the care of Ward Transport & Logistics Corp.

   **ANSWER:**

   Chris Ives – Adelman's engine specialist

   Billy Betz – Adelman's engine salesman

   Eric Burchett – Adelman's shipping specialist.

6. List each and every Caterpillar C-& [SIC] Motor bearing a serial number beginning with "WAX" that has been part of your inventory during the period beginning October 1, 2017 and ending with the date of these Interrogatories.

   **ANSWER:**

   Objection. Discovery of the information sought pursuant to this Request is not warranted when balancing the considerations enumerated in Fed. R. Civ. P. 26(b)(1).

   As to the Objection:

   _____
   Michael J. Kahlenberg (0082435)

   Without waiving the objection. None.

                                     Respectfully Submitted,

                                     */s/ John J. Rambacher*
                                   John J. Rambacher, Esq. (0036760)
                                   **Winkhart & Rambacher, Inc.**
                                   825 S. Main St.
                                   North Canton, OH
                                   P:     (330) 639-2440
                                   F:     (330) 639-2441
                                   E:     jrambacher@wr-law.com

                                   Michael J. Kahlenberg, Esq. (0082435)
                                   **Kahlenberg Law, LLC**
                                   825 S. Main St.
                                   North Canton, OH
                                   P:     (330) 639-2442
                                   F:     (330) 639-2443
                                   E:     mike@kahlenberglaw.com

                                   *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 30, 2018, pursuant to Fed. Civ. P. 5(b)(2)(E), I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and notification of such filing was sent by electronic mail as authorized by Fed. Civ. P. 5(b)(3) and L.R. 5.1 to:

    Jonathan R. Miller, Esq.
    Salem Community Law Office
    301 N. Main St., Suite 2415
    Winston-Salem, NC 27101
    jmiller@salemcommunitylaw.com
    *Counsel for Defendants*

                                         */s/ John J. Rambacher*
                                         *Counsel for Plaintiff*