**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ADELMAN'S TRUCK PARTS CORPORATION, | **CASE NO. 5:17-CV-2598** |
| Plaintiff, | **JUDGE JOHN R. ADAMS** |
| v. | |
| JONES TRANSPORT, ET AL. | **PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF DEFENDANT** |
| Defendants. | |

Since the issue of summary judgment in favor of Adelman's has already been briefed based upon the plain language of the governing commercial agreement,[1] in the interests of judicial economy, the remaining issues of import in Jones' Motion will be addressed in the order of appearance in the Memorandum of Law (Doc #37) and not necessarily in order of importance. Adelman's remains entitled to summary judgment in its favor and Jones' Motion should be denied.

I. **Ohio law applies.**

Jones argues, "[t]he party's dealings are also governed by North Carolina's Unfair and Deceptive Trade Practices Act." (Doc #37, pg. 3). This is entirely incorrect. As stated and agreed within the commercial agreement, Ohio law governs the relationship of the parties with respect to the motor at issue:

---

[1] Which arguments and points of law in Adelman's Motion and Reply in Support of Summary Judgment are expressly incorporated as if fully set forth herein.

> "This Purchase Order shall be governed by and construed in accordance with the laws of the State of Ohio. Seller and/or Buyer shall bring and/or initiate **any claims, disputes and/or other legal proceedings respecting this Purchase Order and/or the Goods** in the Stark County, Ohio Common Pleas Court, which such court shall have the sole and exclusive venue and jurisdiction for **any such claims, disputes and/or other legal proceedings**."

(Doc #1-1, Pg. 10, ¶10, emphasis added). This provision is broadly written regarding **any** disputes or other legal proceedings that relate in any way to the Motor. It is not limited to just remedies for breach of contract.

In Concheck v. Barcroft, S.D.Ohio No. 2:10-CV-656, 2011 WL 3359612, Judge Sargus wisely applied the applicable choice-of-law standard under the Restatement (Second) of Conflict of Laws and reasoned that a broad contractual provision regarding choice of law does can include tort or extracontractual claims. *Id.* at *7. As noted therein, the Restatement provides:

> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
> > (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
> >
> > (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

*Id., quoting* Restatement (Second) of Conflict of Laws. Here, there is no applicable exception requiring or permitting this Court to apply North Carolina statutory scheme over

2

applicable Ohio law. To the contrary, Ohio's public policy for establishing reliable rules for commerce through the statutory adoption of the UCC is adversely impacted if Jones is permitted to convert this Ohio commercial transaction into a dispute invoking consumer (not even commercial) North Carolina law. Because the parties contractually agreed that Ohio law governs **any** "claim, dispute, or other legal proceeding" related to the motor, Jones' reliance upon North Carolina law in an effort to avoid contractually agreed upon remedies is misplaced.

## II. Jones' allegations regarding statements made by Billy Betz are hearsay and superseded by the provisions of the contract.

Despite the plain language of the Purchase Contract at issue, Jones contends: "thus, when Mr. Betz said, 'I've got exactly what you need,' he was offering to sell Mr. Jones a Caterpillar C-7 motor capable of 250 horsepower." In the first instance, Jones' evidence of what Mr. Betz allegedly said is the Declaration of Jones. This is incompetent, hearsay evidence that cannot be submitted for the purposes of Fed. R. Civ. P. 56 motion practice. As this Court has stated previously, "[a]ffidavits at the summary judgment stage may not rely upon inadmissible hearsay because inadmissible hearsay 'cannot create a genuine issue of material fact.' Without more, self-serving affidavits are not enough to create an issue of fact sufficient to survive [or receive] summary judgment." Charles v. Air Enterprises, LLC, 244 F.Supp.3d 657, 661 (N.D.Ohio 2017), appeal dismissed, 2018 WL 5099225 (Oct. 5, 2018), citing North American Specialty Ins. Co. v. Myers, 111 F.3d 1273, 1283 (6th Cir. 1997); Wolfe v. Vill. Of Brice, Ohio, 37 F.Supp.2d 1021, 1026 (S.D. Ohio 1999); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Even if it were not hearsay, the Jones' allegation about what Billy Betz allegedly told him constituting some expert-driven usage of trade also defies the clear language of the agreement which precludes application of any prior, unstated, written or oral statement/understanding. See Doc #1-1, Pg. 10, ¶¶4, 9. Jones' argument attempts to change the express terms of the governing contract by stating what he believes to be a "usage of trade."  An agreement that includes an incorporation/entire agreement/no-oral-modification provision may not be so modified. See, e.g., Toltest, Inc. v. Nelson-Delk, N.D.Ohio No. 3:03 CV 7315, 2008 WL 696614, *6, on reconsideration in part, N.D.Ohio No. 3:03 CV 7315 2008 WL 1843991.

Jones' theory of this case continues to morph. Since Caterpillar has entirely debunked the notion that there is a material difference between a KAL- and WAX-series engine,[2] Jones now argues that Adelman's fraudulently induced him to purchase the Motor through unspoken code premised upon an alleged usage of trade. The agreement does not so provide, nor does Ohio law so permit.

### III. **The limitations of remedies provision did not "fail its essential purpose."**

Jones thrusts the square peg at the round hole in claiming that the limitation of remedies provision at issue failed of its essential purpose to thus opening the floodgates for consumer[3] remedies, consequential damages, punitive damages, and attorney's fees. To do so, Jones turns to Goddard v. Gen. Motors. Corp., 60 Ohio St.2d 41, 396 N.E.2d 761 (1979). That case concerned the sale of a 1973 (lemon) Chevy Nova/Vega station

---

[2] The hearsay letters offered in support of Jones' Motion demonstrate that the prior arguments presented to the Court during the initial Pretrial in in prior filings is simply baseless, just as Adelman's has said all along: "we have investigated [and] considered the differences between a C7 engine with a WAX prefix as compared to a C7 engine with a KAL prefix. We've learned that there are no meaningful differences between the two engine models." (Doc #36-10 at pg. 2).
[3] This was not a "consumer" transaction under Ohio law and Jones was not a "consumer."  This was a commercial sale transaction.

4

wagon governed by an express limited warranted that limited the consumer's remedy to "repair or replacement" of a defective part. In deciding Goddard, the Ohio Supreme Court noted that in a consumer transaction where the seller is unwilling to **both** repair or replace within a reasonable time, the limited remedy fails its essential purpose.

Here, Adelman's repeatedly offered to honor the limited warranty provisions of the agreement (without agreeing that the motor was not compliant, but rather just to conclude this matter).[4] Why did Billy Betz (allegedly) tell Jones that Adelman's could not "replace" the motor once Jones notified Adelman's of the alleged defect in the number 4 piston? Because Jones insisted upon the replacement motor being a WAX-series motor. See Doc. #32-1, pg. 7, ¶39. Adelman's sold Jones a KAL-series motor, not a WAX-series motor. "Replacement" does not fail of its essential purpose where the purchaser (Jones) refused to accept as a replacement motor the same motor that Adelman's sold, being a KAL-series motor.

If one-half of the limited remedy "failed," it is only because Jones refused to accept what could have been offered – a KAL-series used engine. Once that occurred, Adelman's was left to offer the only remaining limited remedy – Jones' return of the allegedly nonconforming good and refund. That remedy has died on the vine with Jones on numerous occasions, even after Adelman's agreed to also waive the 20% contractually-stated restocking fee (again just to be done with the matter). There is no failure of the essential purpose of the governing limited remedy. To the contrary, Jones refused to accept a remedy because he mistakenly believed that there was a material difference between a KAL- and WAX-series when there was (and is) not. Even after

---

[4] As Jones has materially altered the engine after Jones' receipt, inspection and acceptance thereof, Adelman's is now unwilling to accept the engine.

Adelman's offered to accept shipment back in exchange for a total refund (despite the fact that Jones had inspected, accepted and materially altered the motor), Jones refused.

### IV. **Conclusion.**

This case should be decided under Fed R. Civ. P. 56, but not in favor of Jones. Construing all evidence in favor of Adelman's and reasonably applying the express language of the commercial contract at issue (under applicable Ohio law governing commercial sales) requires that Adelman's receive the relief requested in its Complaint for Declaratory Judgment. Adelman's renews its request for summary judgment in its favor based upon the admissible evidentiary submissions to date as reflected upon the Docket.

Respectfully Submitted,

*/s/ John J. Rambacher*
John J. Rambacher, Esq. (0036760)
**Rambacher Law, LLC**
825 S. Main St.
North Canton, OH
P: (330) 639-2440
F: (330) 639-2441
E: jrambacher@wr-law.com

Michael J. Kahlenberg, Esq. (0082435)
**Kahlenberg Law, LLC**
3570 Executive Drive, Suite 216
Uniontown, OH  44685
P: (330) 294-4012
F: (234) 542-3695
E: mike@kahlenberglaw.com

*Counsel for Plaintiff*

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 17, 2018, pursuant to Fed. Civ. P. 5(b)(2)(E), I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and notification of such filing was sent by electronic mail as authorized by Fed. Civ. P. 5(b)(3) and L.R. 5.1 to:

    Jonathan R. Miller, Esq.
    Salem Community Law Office
    301 N. Main St., Suite 2415
    Winston-Salem, NC 2710
    jmillier@salemcommunitylaw.com
    *Counsel for Defendants*

                                                */s/ John J. Rambacher*
                                              *Counsel for Plaintiff*